UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHEN COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-3234 |
| | ) | |
| OFFICER RIKKI CASTLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Pinckneyville Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. <u>Turley v. Rednour</u>, 729 F.3d 645, 649

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

(7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was a passenger in a vehicle when Springfield Police Officers Castles and Dowis, without probable cause, stopped the vehicle, searched the car without the owner's consent, and searched Plaintiff without Plaintiff's consent.  Plaintiff alleges that the search was conducted because Plaintiff is an African American with a criminal history and the owner/driver was a Caucasian woman.  As a result of the searches, Plaintiff was criminally charged and ultimately convicted of being an armed habitual criminal, a sentence he is now serving in the Illinois Department of Corrections.  Illinois v. Coleman, 2015-CF-1036 (Sangamon County Circuit Court).  The case is on appeal. No charges were brought against the Caucasian owner of the vehicle.

Plaintiff contends that Detectives Flynn and Dhabalt acted unprofessionally by talking about the case to the public and by harassing and tampering with witnesses.  State's Attorney John Milhiser and his Assistants Dan Mosher and Jason Sweat allegedly

pursued the false charges against Plaintiff. Judge Madonia allegedly denied Plaintiff's motion to suppress and motion to quash arrest, knowing that the ruling was contrary to law. Plaintiff also sues Attorney Michael Costello and Public Defendant Michael Harmon, apparently for unspecified failings which allegedly played a part in Plaintiff's conviction. Plaintiff asks for acquittal and for Defendants to be fired.

The bulk of Plaintiff's allegations are challenges to the validity of his conviction, challenges which must be pursued in Plaintiff's appeal of his criminal case, not in a separate civil rights action. *See* Heck v. Humphrey, 512 U.S. 477 (1994)( )("[A] district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence."). Additionally, the prosecutors and Judge Madonia are absolutely immune from a lawsuit for damages. Forrester v. White, 484 U.S. 219, 229-30 (1988)(judges are immune from suit for damages based on judicial acts); Imbler v. Pachtman, 424 U.S. 409, 431 (1976)("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."). Damages would be the only

relief available in this action because this Court cannot intervene in Plaintiff's criminal proceedings or have the Defendants fired. *See* Younger v. Harris, 401 U.S. 37 (1971)(federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings). Lastly, the attorneys who represented Plaintiff in his criminal proceedings are not government actors, and, therefore, their actions do not give rise to constitutional claims. Polk County v. Dodson, 454 U.S. 312 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

    The Court sees only one claim that might be viable—Plaintiff's Fourth Amendment claim against Officers Castles and Dowis about the traffic stop, search, and seizure without probable cause. However, this claim must be stayed until the resolution of the appeal of Plaintiff's criminal conviction. If the denial of Plaintiff's motion to suppress is upheld on appeal, then the issue of probable cause likely cannot be relitigated in this action. *See* Simpson v. Rowan, 125 Fed.Appx. 720 (7th Cir. 2005)(not published in Federal Reporter)(state court's denial of motion to suppress barred Plaintiff

from relitigating the issue in an action under 42 U.S.C. § 1983 because Plaintiff had a full and fair opportunity to litigate the issue in the criminal proceedings). On the other hand, if the denial of the motion to suppress is reversed, then the Fourth Amendment claim may arguably proceed in this action. <u>Simpson v. Rowan</u>, 73 F.3d 134, 137 (7th Cir. 1995) (Fourth Amendment § 1983 claim for warrantless search and unlawful arrest should be stayed pending resolution of criminal proceedings). Officers Castle and Dowis will be served, and then this case will be stayed and administratively closed until the resolution of Plaintiff's criminal proceedings.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Fourth Amendment claims against Defendants Castles and Dowis arising from the traffic stop and subsequent search and seizure on or about October 7, 2015. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The remainder of Plaintiff's claims are dismissed for the reasons stated above.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not

filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    8)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    9)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    10)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **The clerk is directed to terminate Defendants Flynn, Dhabalt, Milhiser, Mosher, Sweat, Madonia, Costello, and Harmon.**

13) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants Castles and Dowis pursuant to the standard procedures.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: **10/11/2018**

FOR THE COURT:

                                            **s/Sue E. Myerscough**
                                            SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE